Armstrong *v.* Croft.

3L 191
5L 110
5L 182
6L 63
1pi294

A. W. ARMSTRONG, Adm'r, and SARAH E. DUNLAP *v.* SAMUEL CROFT *et als.*

1. CHANCERY PRACTICE. *Fraudulent transfer of property. Administration.* A creditor of a deceased debtor may file a bill against a fraudulent grantee of the latter to reach the property conveyed, without first obtaining a judgment on his debt or proceeding against the property of the estate.

2. SAME. *Statute of two years and six months.* To such a bill, a plea by the fraudulent grantee that the creditor had not brought an action on his demand within two years and six months from the qualification of the personal representatives, is no defense.

FROM KNOX.

Appeal from the decree of the Chancery Court at Knoxville.    O. P. TEMPLE, Ch.

WEBB for complainants.

CALDWELL & WASHINGTON for defendants.

COOPER, J., delivered the opinion of the court.

The complainants file this bill as creditors of Benjamin Looney, deceased, on behalf of themselves and all other creditors of the estate, to set aside as fraudulent, certain conveyances and gifts of real and personal property, made by Looney in his lifetime to the defendants, and to subject the property conveyed to the satisfaction of their demands.   The defendants filed separate pleas to so much of the bill as related to the several demands of the complainants.   These pleas

were, on argument, held sufficient, and upon issue joined on their truth, were found true. The bill was thereupon dismissed, and complainants have brought the case before us by writ of error.

The complainant Armstrong was, and now C. D. Berry, in his place, is administrator *de bonis non,* with the will annexed, of John Cocke, deceased. According to the bill, his demand originated on the 29th of December, 1855, by the execution by Benjamin Looney of two notes under seal for $435 each, payable at two and three years respectively. On the 26th of January, 1868, Armstrong, as administrator, brought suit at law on these bills single against Benjamin Looney. Pending the suit, on the 20th of March, 1868, Looney died, and in April of that year Jane Looney was appointed and qualified as administratrix of his estate. The suit, the bill alleges, was revived against her, and such proceedings were had therein that, on the 22d of October, 1869, a judgment was rendered against her as administratrix, and in favor of the plaintiff for $1,588.39, on which execution issued and was returned *nulla bona.* The bill states that shortly thereafter Jane Looney resigned the administration of the estate, without fully administering it, and more than six months have since elapsed and no one can be found to administer the estate. The bill then sets out the gifts and conveyances of Benjamin Looney to the defendants, and alleges that they were made to hinder and delay the grantor's creditors.

To so much of the bill as relates to the demand of this complainant, the defendants file a plea, in sub-

stance, that Jane Looney resigned the administration of the estate of Benjamin Looney, and her resignation was regularly accepted on the 5th of April, 1869, before the recovery of judgment in the suit at law.

The bill treats the resignation of the administratrix as valid, and the plea is that this valid resignation was before the recovery of judgment. The argument upon the facts thus plead is, that the subsequent judgment being against a person not at the time the personal representative of Benjamin Looney, is a nullity. If the soundness of this conclusion be conceded, which may admit of grave doubt, and if it be further conceded that the facts set forth in the bill and plea show a valid resignation, which is even more doubtful, the sufficiency of the plea rests on the assumption that the bill cannot be sustained, so far as this demand is concerned, without a judgment thereon against the personal representative of the fraudulent grantor. But this is clearly an error. The defendants are only before the court as fraudulent grantees, and as against them no judgment is required to sustain the bill. Since the act of 1852, ch. 365, brought into the Code, sec. 4288, *et seq.*, any creditor, without first having recovered a judgment at law, may file a bill to set aside fraudulent conveyances and devices. And the creditors of the estate of a decedent are not required to proceed against the property of the estate before asserting their rights against a fraudulent grantee. *Spencer* v. *Armstrong,* 12 Heis., 707. And independent of statute, it has been held, that the creditors of a deceased debtor, who have exhausted their remedy at

13—VOL, 3.

law against the estate, although they have not obtained
judgment on their claims, may file such a bill. *Has-
ton* v. *Castner*, 29 N. J. Eq., 536; *Shurts* v. *Howell*,
30 N. J. Eq., 418.    The bill shows and the plea con-
cedes, that the complainant cannot further proceed at
law for want of a personal representative.    The Chan-
cellor erred in sustaining the plea, and the decree must
be reversed with costs, and the cause remanded for
further proceedings.

To so much of the bill as relates to the demand
of the complainant, Sarah E. Dunlap, which was a
claim against Benjamin Looney as surety on the bond
of the complainant's guardian, the defendants pleaded
that Jane Looney had been appointed and qualified as
administratrix of Benjamin Looney, deceased, on the
6th of April, 1868; that the complainant was a citizen
of the State at the death of Benjamin Looney, and so
continued to be, her claim being due long before, and
had not brought suit for more than two years and six
months after the qualification of the said Jane Looney
as administratrix.    The bill shows on its face a re-
signation of the administration by Jane Looney, ac-
cepted by the County Court, and the plea is fatally
defective, and would be so strictly without any aver-
ment in the bill on the subject, in not averring that
the administration of Jane Looney continued for at
least two years and six months, or some administration
for the time necessary to create the bar.    And the
plea, if formally good, would be insufficient for another
reason.    The statute of limitation pleaded is intended
for the protection of the estates of decedents, in terms

applies to actions against executors and administrators, and may be relied on by the personal representative or the heirs, when sued as such to reach the property descended. Code, sections 2279, 2784. It has no application to an action against a fraudulent grantee, in favor of such grantee.

The decree below must be reversed as to this plea also, and the cause remanded for further proceedings.